IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMY ANN PITTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv728-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a *pro se* motion by federal inmate Amy Ann Pitts ("Pitts"), to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Pitts challenges her guilty-plea conviction, and the resulting 121-month sentence, imposed by this court in January 2006 for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Case No. 2:04cr25-MEF). She appears to allege that her criminal history category was incorrectly computed for purposes of her sentence. Because Pitts's § 2255 motion is successive and filed without Eleventh Circuit pre-certification, she is not entitled to any relief in this action.

**I.  DISCUSSION**

This is the second 28 U.S.C. § 2255 motion filed by Pitts attacking her conviction and sentence in Case No. 2:04cr25-MEF. Pitts's first such § 2255 motion was filed on December 19, 2006. *See United States v. Pitts*, Civil Action No. 2:06cv1129-MEF-SRW, Doc. No. 1. On January 21, 2009, this court denied that § 2255 motion, deciding all claims adversely to

Pitts. *Id*., Doc. Nos. 35 & 36 (Order of District Court Adopting Magistrate Judge's Recommendation of Dec. 15, 2008 [Doc. No. 33], and Final Judgment of District Court). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

    Pitts has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Pitts's present motion, and the motion is due to be summarily dismissed.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Pitts has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 10, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 27th day of August, 2012.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE